# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2010

No. 09-60806
Summary Calendar

Lyle W. Cayce
Clerk

BAYRON WILLIAM RAMOS,

> Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

> Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 396 491

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Bayon William Ramos, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's decision denying his application for withholding of removal. He avers that he will be persecuted on account of his membership in a particular social group, i.e., his family unit. Ramos alleges that members of the Mara Salvatrucha (MS) gang pursued him to obtain information about the location of his cousin, a former member of the gang. He contends that he was beaten and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

threatened by MS members on several occasions after he failed to disclose information about his cousin and that MS members continue to be interested in his location for purposes of locating his cousin.

We review the BIA's determination that an alien is not entitled to withholding of removal for substantial evidence and will not reverse the BIA's decision unless the evidence compels a contrary conclusion. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). To qualify for withholding of removal, the alien "must demonstrate a 'clear probability' of persecution upon return." *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). At a minimum, there must be some particularized connection between the feared persecution and the alien's race, religion, nationality, membership in a particular social group, or political opinion. *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994). To establish that he is a member of a particular social group, Ramos must show that he shares a common immutable characteristic that he cannot change or should not be required to change because it is fundamental to his individual identity or conscience. *See Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006).

The BIA's conclusion that Ramos was targeted because of MS's general interest in locating his cousin rather than due to his membership in his family unit is supported by substantial evidence. Put differently, the record does not compel the conclusion that Ramos was targeted by the MS due to his membership in a particular social group. *See Chen*, 470 F.3d at 1134.

The petition for review is DENIED.

2